**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| **Dropleaf LLC**, a Nevada limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> **JJ 206, LLC d/b/a Juju Joints**, a Washington limited liability company, and **LayRoots, LLC**, a Washington limited liability company, <br><br> Defendants. | No. **2:16-CV-00094 MJP** <br><br> **FIRST AMENDED COMPLAINT** <br><br><br><br> **Jury Demand** |

Plaintiff hereby submits its First Amended Complaint pursuant to FRCP 15(a)(1)(B). Plaintiff alleges as follows:

## I. Parties and Jurisdiction

1.1      Plaintiff, Dropleaf LLC, is a Nevada limited liability company.

1.2      Defendant, JJ 206, LLC, is a Washington limited liability company (UBI 603-360-654), with a principal place of business in King County, Washington ("JJ 206").

Ironmark Law Group, PLLC
2311 N. 45th Street, Suite 365
Seattle, Washington 98103
Tel: (206) 547-1914
Fax: (206) 260-3688

1.3     Defendant, LayRoots, LLC, is a Washington limited liability company (UBI 603-324-270), with a principal place of business in King County, Washington ("LayRoots").

1.4     The actions alleged herein to have been undertaken by the Defendants were undertaken by each defendant individually, were actions that each defendant caused to occur, were actions that each defendant authorized, controlled, directed, or had the ability to authorize, control, or direct, and/or were actions each defendant assisted, participated in, or otherwise encouraged and are actions for which each of the defendants is liable.  Each of the Defendants aided and abetted the actions of the other defendants, in that each defendant had knowledge of those actions, provided assistance, and benefitted from those actions, in whole or in part.  Each of the Defendants was the agent of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and with the permission and consent of the other defendants.

1.5     This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 15 U.S.C. § 1121 and supplemental jurisdiction over the state law claims asserted herein under 28 U.S.C. § 1367(a). The Court has personal jurisdiction over Defendants because they reside, transact business, and committed actions related to this dispute in this District.  Defendants have purposefully availed themselves of this forum.

1.6     Venue is proper under 28 U.S.C. § 1391(b).  A substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District, and the claims alleged in this action arose in this District.  In addition, Defendants are subject to personal jurisdiction in this District.

## II. Facts

**Origin of Plaintiff's Rights and Marks**

FIRST AMENDED COMPLAINT - 2

**Ironmark Law Group, PLLC**
2311 N. 45th Street, Suite 365
Seattle, Washington 98103
Tel: (206) 547-1914
Fax: (206) 260-3688

2.1     The son of Bob Marley, Julian Ricardo Marley ("Mr. Marley") is a world-renowned reggae musician and international personality.

2.2     Mr. Marley owns exclusive trademark and personality rights to JULIAN MARLEY, JULIAN MARLEY PREMIUM BRAND, and his widely publically-known nickname JUJU ROYAL under which he has been internationally known since at least as early as 2001 (the "Nickname"); such trademark and personality rights are collectively referred to herein as the "Rights and Marks".

2.3     As a result of Mr. Marley's use, marketing, and substantial investment in his Rights and Marks, consumers have come to associate JULIAN MARLEY, JULIAN MARLEY PREMIUM BRAND, and JUJU ROYAL, exclusively with Mr. Marley.

2.4     Kingsley Brand, LLC is a California holding company that holds, maintains, and manages the Rights and Marks ("Kingsley").

2.5     On October 1, 2014, the representatives of Kingsley executed a licensing agreement with Plaintiff granting Plaintiff exclusive worldwide rights to exploit the Rights and Marks in connection with marijuana products, services, and associated apparel, packaging, and advertisements, as well as the exclusive right to sublicense and enforce those rights (the "Licensing Agreement"). The Licensing Agreement remains in full force and effect as of the filing date of this action.

2.6     Since at least as early as February 1, 2015, Plaintiff, through its sublicensees, has produced and sold marijuana-related products and accessories in Washington State under the Rights and Marks, including the Nickname.  Plaintiff's sublicensees also sell branded marijuana goods in California and Nevada using the Rights and Marks, including the Nickname.  Plaintiff's sublicensees have imminent plans to sell branded marijuana goods using the Rights and Marks,

Ironmark Law Group, PLLC
2311 N. 45th Street, Suite 365
Seattle, Washington 98103
Tel: (206) 547-1914
Fax: (206) 260-3688

including the Nickname, in other states.  Plaintiff's sublicensees sell canabidoil and apparel worldwide using the Rights and Marks, including the Nickname.

2.7     Defendant JJ 206 adopted and attempted to register the JUJU ROYAL name and mark with the intent of trading on Mr. Marley's reputation, interfering with the business of Plaintiff and Plaintiff's sublicensees, and wrongfully benefitting from consumer confusion between the parties.  Defendants correctly understood that ordinary consumers would be confused by the similarities in the names, trademarks, and similarities in goods and services offered in connection with those names and trademarks, similarities in the parties' advertising and marketing efforts, and similarities in the geographic areas in which the parties offer their goods.

**Defendants' Attempts to Register Trademarks at the Federal Level**.

2.8     Defendant JJ 206 was formed in Washington State on December 23, 2013.

2.9     On March 28, 2014, JJ 206 filed two actual use trademark applications for JUJU JOINTS with the U.S. Patent and Trademark Office ("USPTO"): (1) for "extracted cannabis in oil substance, similar to electronic cigarette liquid (e-liquid); extracted cannabis in oil like substance, similar to electronic cigarette liquid (e-liquid)" in International Class ("IC") 001 (Serial No. 86236129) ("JUJU JOINTS Application I"); and (2) for "smokeless marijuana or cannabis vaporizer apparatus, namely, oral vaporizers for smokers; vaporizing marijuana or cannabis delivery device, namely, oral vaporizers for smoking purposes" in IC 034 (Serial No. 86236122) ("JUJU JOINTS Application II").

2.10    JUJU JOINTS Application I and the JUJU JOINTS Application II were refused registration by the USPTO Examining Attorney on the USPTO Principal Register for multiple reasons including, in part, the merely descriptive nature of the entire mark pursuant to 15 U.S.C. §

Ironmark Law Group, PLLC
2311 N. 45th Street, Suite 365
Seattle, Washington 98103
Tel: (206) 547-1914
Fax: (206) 260-3688

1052(e)(1). To date, the refusals by the USPTO Examining Attorney remain in effect.  These marks therefore remain unregistered.

2.11    On December 8-9, 2014, JJ 206 filed three intent to use trademark applications with the USPTO for the marks: (1) POWERED BY JUJU and (2) JUJU RX for "smokeless cannabis vaporizing apparatus, namely oral vaporizers for smoking purposes; vaporizing cannabis delivery device, namely oral vaporizers for smoking purposes", and (3) JUJU HYBRID for "oral smokeless cannabis vaporizing apparatus for smoking purposes; oral vaporizing cannabis delivery device for smoking purposes" in IC 034 (Serial Nos. 86474701, 86475885, and 86475899 respectively) (the "POWERED BY JUJU Application I", "JUJU RX Application I", and "JUJU HYBRID Application I" respectively).

2.12    POWERED BY JUJU Application I, JUJU RX Application I, and JUJU HYBRID Application I were each refused registration by the USPTO Examining Attorney on the USPTO Principal Register for multiple reasons including, in part, the merely descriptive nature of "JUJU" pursuant to 15 U.S.C. § 1052(e)(1). To date, the refusals by the USPTO Examining Attorney remain in effect, and JJ 206 has filed no statements of use showing actual use of these trademarks in U.S. commerce pursuant to 15 U.S.C. § 1051(d).  These marks therefore remain unregistered.

**Defendants' Awareness of Plaintiff's Rights and Marks and Attempts to Register Infringing Marks at the Federal and State Levels.**

2.13    On February 3, 2015, Plaintiff's contractor, Jonathan Sage, contacted JJ 206 via e-mail concerning a promotional business proposal to launch a branded marijuana vaporizer product based on Mr. Marley's Rights and Marks.

**Ironmark Law Group, PLLC**
2311 N. 45th Street, Suite 365
Seattle, Washington 98103
Tel: (206) 547-1914
Fax: (206) 260-3688

2.14    On February 4, 2015, LayRoots' lawyer, Shreya B. Ley, on behalf of JJ 206, made an inquiry to the Washington Secretary of State's Office whether there were any existing trademark registrations for "JUJU Royal" and "JUJU Joints."

2.15    Between February 3 and February 11, 2015, after being approached by Plaintiff and made aware of the Rights and Marks, JJ 206 filed two intent to use trademark applications with the USPTO to: (1) JUJU ROYAL and (2) JUJU FLOWER both for "smokeless marijuana or cannabis vaporizer apparatus, namely, oral vaporizers for smokers; vaporizing marijuana or cannabis delivery device, namely, oral vaporizers for smoking purposes" in IC 034 (Serial Nos. 86532274 and 86523446 respectfully) ("JUJU ROYAL Application" and "JUJU FLOWER Application" respectfully).

2.16    The JUJU ROYAL Application and JUJU FLOWER Application were both refused registration by the USPTO Examining Attorney on the USPTO Principal Register for multiple reasons including, in part, the merely descriptive nature of the term "JUJU" pursuant to 15 U.S.C. § 1052(e)(1). To date, the refusals by the USPTO Examining Attorney remain in effect and JJ 206 has not filed any statement of use showing actual use of either trademark in U.S. commerce pursuant to 15 U.S.C. § 1051(d).  These marks therefore remain unregistered.  Based upon the USPTO's records, the JUJU FLOWER Application was abandoned on November 18, 2015.

2.17    On February 19, 2015, JJ 206 filed three intent to use trademark applications with the USPTO for JUJU BLUNT, JUJU SPLIFF, and JUJU LIGHT all for "smokeless marijuana or cannabis vaporizer apparatus, namely, oral vaporizers for smokers; vaporizing marijuana or cannabis delivery device, namely, oral vaporizers for smoking purposes" in IC 034 (Serial Nos. 86540360, 86539589, and 86539481 respectfully) ("JUJU BLUNT Application", "JUJU SPLIFF Application" and "JUJU LIGHT Application" respectfully).

Ironmark Law Group, PLLC
2311 N. 45th Street, Suite 365
Seattle, Washington 98103
Tel: (206) 547-1914
Fax: (206) 260-3688

2.18    The JUJU BLUNT Application, JUJU SPLIFF Application, and the JUJU LIGHT Application were each refused registration by the USPTO Examining Attorney for multiple reasons including the merely descriptive nature of "JUJU BLUNT" and "JUJU SPLIFF" in their entirety, and the wording "JUJU" in the JUJU LIGHT Application, pursuant to 15 U.S.C. § 1052(e)(1). To date, the refusals by the USPTO Examining Attorney remain in effect and JJ 206 has not filed any statements of use showing actual use of any of these trademarks in U.S. commerce pursuant to 15 U.S.C. § 1051(d).  Based upon the USPTO's records, as of February 2016, all of these trademark applications have been abandoned, and the applications will thus never mature to registration.

2.19    On February 27, 2015, LayRoots' attorney, Ms. Ley filed, a Washington state trademark reservation pursuant to RCW 19.77.015 on JJ 206's behalf, for JUJU ROYAL for "smokeless marijuana or cannabis vaporizer apparatus, namely, oral vaporizers for smokers; vaporizing marijuana or cannabis delivery device, namely, oral vaporizers for smoking purposes" in Class 034 (Reg. No. 57720; the "Washington Trademark Reservation").

2.20    Between June 9-24, 2015, JJ 206 filed four additional actual use trademark applications with the USPTO for POWERED BY JUJU, JUJU JOINTS, JUJU RX and JUJU HYBRID for "oral vaporizers for smoking purposes; smokeless products for smokers" in IC 034 (Serial Nos. 86656237, 86656194, 86673195, and 86656291 respectively) (the "POWERED BY JUJU Application II", "JUJU JOINTS Application III", "JUJU RX Application II", and "JUJU HYBRID Application II" respectively).

2.21    The POWERED BY JUJU Application II, JUJU JOINTS Application III, JUJU RX Application II, and JUJU HYBRID Application II were each refused registration on the USPTO Principal Register for multiple reasons including without limitation the merely descriptiveness of

Ironmark Law Group, PLLC
2311 N. 45th Street, Suite 365
Seattle, Washington 98103
Tel: (206) 547-1914
Fax: (206) 260-3688

"Juju Hybrid" in its entirety in the JUJU Hybrid Application II pursuant to 15 U.S.C. § 1052(e)(1). To date, the refusals by the USPTO Examining Attorney remain in effect and JJ 206 has not filed any statements of use showing actual use of any of these trademarks in U.S. commerce pursuant to 15 U.S.C. § 1051(d). These marks therefore remain unregistered.

2.22    In short, every federal application for trademark filed by the Defendants for the trademarks identified in the above paragraphs have been refused registration by the USPTO, and Defendant JJ 206 has no federal trademark registrations.

**Defendants' Initial Attempts To Use The Infringing Marks To Harm Plaintiff.**

2.23    On April 20, 2015, Plaintiff, with assistance of its affiliate, Jacksam Corporation d/b/a Blackout X, a California corporation ("Blackout X"), opened an online store hosted by Shopify titled "Julian Marley Juju Royal Ultra Premium Brand" (the "Online Store") under a domain that utilized the Nickname (www.jujuroyal.com; the "Domain").

2.24    Plaintiff and Blackout X sold unloaded vaporizer products under the Nickname and other Rights and Marks in the Online Store.

2.25    On June 12, 2015, LayRoots, on behalf of its client JJ 206, attempted to submit a demand letter to Plaintiff to cease all use of JJ 206's claimed trademarks as identified in part in paragraphs 2.9, 2.11, 2.15, and 2.17 of this Complaint (the "Demand Letter").

2.26    Plaintiff did not receive an actual copy of the Demand Letter until JJ 206 commenced the UDRP Proceeding pursuant to Paragraph 2.35 of this Complaint.

2.27    Despite its claims of federal trademark rights in the Demand Letter, none of JJ 206's USPTO trademark applications identified therein had been approved for publication pursuant to 15 U.S.C. § 1062(a), nor had they matured to registration.

**FIRST AMENDED COMPLAINT** - 8

**Ironmark Law Group, PLLC**
2311 N. 45th Street, Suite 365
Seattle, Washington 98103
Tel: (206) 547-1914
Fax: (206) 260-3688

2.28    In the Demand Letter, Defendants also claimed that they had submitted state trademark applications in California, and registered trademarks in Oregon, Nevada, and Washington, yet provided no further proof of the same.

2.29    On July 3, 2015, LayRoots LLC attorney Ms. Ley, on behalf of JJ 206, submitted a complaint to Shopify under Shopify's Digital Millennium Copyright Act ("DMCA") Notice and Takedown Procedures pursuant to 17 U.S.C. § 512(c) concerning Plaintiff's use of "JUJU Joints brand name and sub-brands" on the Online Store's branding and in the Domain (the *Shopify Complaint*).

2.30    In the Shopify Complaint, Defendants claimed that JJ 206's JUJU JOINTS Application II, JUJU JOINTS Application III, JUJU ROYAL Application, POWERED BY JUJU Application I, POWERED BY JUJU Application II, JUJU HYBRID Application I, JUJU HYBRID Application II, JUJU BLUNT Application, JUJU SPLIFF Application, JUJU LIGHT Application, JUJU FLOWER Application, and JUJU RX Application I were evidence of existing trademarks, and Defendant LayRoots LLC declared under a penalty of perjury that JJ 206 owned such trademarks.

2.31    Based on the claims of the Shopify Complaint, Shopify disabled public access to the Online Store for four days until Plaintiff's counter-notice to the Shopify Complaint was submitted and accepted by Shopify, pursuant to Shopify's DMCA Notice and Takedown Procedures and 17 U.S.C. § 512(g)(3).

2.32    At the time the Shopify Complaint was filed on July 3, 2015, none of JJ 206's USPTO trademark applications identified in Shopify Complaint had overcome USPTO registration refusals, had been approved for publication pursuant to 15 U.S.C. § 1062(a), nor had they matured to registration.

**FIRST AMENDED COMPLAINT** - 9

**Ironmark Law Group, PLLC**
2311 N. 45th Street, Suite 365
Seattle, Washington 98103
Tel: (206) 547-1914
Fax: (206) 260-3688

2.33     Further, eight of JJ 206's 12 trademark applications identified in the Shopify Complaint (the JUJU ROYAL Application, the JUJU BLUNT Application, the JUJU FLOWER Application, the JUJU LIGHT Application, the JUJU SPLIFF Application, the JUJU RX Application I, the JUJU HYBRID Application I, and the POWERED BY JUJU Application I) were classified as intent to use applications pursuant to 15 U.S.C. § 1051(b) at the time the Shopify Compliant was submitted, meaning JJ 206 had yet to provide the USPTO any proof that any of these trademarks had actually been lawfully used in U.S. commerce, thereby acquiring trademarks rights pursuant to 15 U.S.C. § 1051(d).

2.34     As a result of the disabling of the Online Store, Plaintiff lost sales revenue and potential business opportunities.

2.35     On July 16, 2015, LayRoots, on behalf of its client JJ 206, initiated an arbitration action against Plaintiff's contractor and then owner of the Domain, Erin Hackney, at the National Arbitration Forum ("NAF") pursuant to Uniform Domain Name Dispute Resolution Policy (UDRP; Claim No. FA1507001628; "UDRP Proceeding").

2.36     In the UDRP Proceeding, Plaintiff indemnified and defended Mr. Hackney in part because his existing ownership of the Domain was in furtherance of his duties for Plaintiff, and Plaintiff was in the process of transferring the Domain to Plaintiff when the UDRP Proceeding was initiated.

2.37     In Section 11 of JJ 206's UDRP Proceeding complaint, JJ 206 falsely claimed use and ownership of the trademarks identified in the JUJU ROYAL Application, JUJU JOINTS Application II, JUJU JOINTS Application III, POWERED BY JUJU Application I, POWERED BY JUJU Application II, JUJU HYBRID Application I, JUJU HYBRID Application II, JUJU BLUNT

**FIRST AMENDED COMPLAINT** - 10

**Ironmark Law Group, PLLC**
2311 N. 45th Street, Suite 365
Seattle, Washington 98103
Tel: (206) 547-1914
Fax: (206) 260-3688

Application, JUJU SPLIFF Application, JUJU LIGHT Application, JUJU FLOWER Application, and JUJU RX Application I.

2.38    Of the 12 USPTO trademark applications identified in the UDRP Compliant, eight (JUJU ROYAL Application, JUJU BLUNT Application, JUJU SPLIFF Application, JUJU LIGHT Application, JUJU FLOWER Application, JUJU HYBRID Application I, JUJU RX Application I, and POWERED BY JUJU Application I) were still classified as intent to use applications pursuant to 15 U.S.C. § 1051(b), meaning JJ 206 had yet to provide the USPTO any proof that any of these eight trademarks had been lawfully used in U.S. commerce in order to acquire trademarks rights pursuant to 15 U.S.C. § 1051(d).

2.39    None of JJ 206's USPTO trademark applications identified in Section 11 of JJ 206's UDRP Complaint had been registered on the Principal Register on July 16, 2015—the date JJ 206's UDRP Complaint was filed with the NAF, nor had any such applications been approved for publication pursuant to 15 U.S.C. § 1062(a), nor had such applications' refusals for merely descriptiveness pursuant to 15 U.S.C. § 1052(e)(1) been overcome.

2.40    On July 21, 2015, LayRoots, on behalf of JJ 206, submitted additional materials in the UDRP Proceeding to in an attempt to demonstrate JJ 206's alleged trademark rights in the Domain including: (a) Colorado state trademark registrations for JUJU LIGHT, JUJU BLUNT, JUJU HYBRID, JUJU JOINTS, JUJU ROYAL, JUJU RX, JUJU SPLIFF, POWERED BY JUJU, and JUJU FLOWER for "smokeless marijuana or cannabis vaporizer apparatus, namely, oral vaporizers for smokers; vaporizing marijuana or cannabis delivery device, namely, oral vaporizers for smoking purposes," all with an alleged first date of use in Colorado commerce on February 23, 2015, with the exception of JUJU JOINTS (asserting an alleged first use date of February 1, 2014); (b) Oregon state trademark registrations of POWERED BY JUJU, JUJU SPLIFF, JUJU RX, JUJU

**FIRST AMENDED COMPLAINT** - 11

**Ironmark Law Group, PLLC**
2311 N. 45th Street, Suite 365
Seattle, Washington 98103
Tel: (206) 547-1914
Fax: (206) 260-3688

ROYAL, JUJU LIGHT, JUJU JOINTS, JUJU HYBRID, JUJU FLOWER, and JUJU BLUNT for "smokeless marijuana or cannabis vaporizer apparatus, namely, oral vaporizers for smokers; vaporizing marijuana or cannabis delivery device, namely, oral vaporizers for smoking purposes", with an alleged first date of use in Oregon commerce on February 23, 2015, with the exception of JUJU JOINTS (asserting an alleged first use date of February 1, 2015); (c) Nevada state trademark registrations of JUJU HYBRID, JUJU JOINTS, JUJU BLUNT, JUJU RX, POWERED BY JUJU, JUJU ROYAL, and JUJU FLOWER, for "smokeless marijuana or cannabis vaporizer apparatus, namely, oral vaporizers for smokers; vaporizing marijuana or cannabis delivery device, namely, oral vaporizers for smoking purposes," with an alleged first date of use in Nevada commerce on February 23, 2015; and (d) a Washington state trademark registration for JUJU JOINTS with an alleged first date of use in Washington as February 1, 2014, and multiple Washington state trademark reservations including the Washington State Trademark Reservation.

2.41   On information and belief, although JJ 206 has obtained numerous state trademark registrations, JJ 206 has not engaged in use of its trademarks consistent with the dates alleged in the above-referenced state trademark applications. None of the specimens of use of JJ 206's state trademark registrations discussed in paragraph 2.40 showed actual use of any such trademarks in their respective states' commerce, as their specimens predominately consisted only of stylized lettering of the word marks with no indication of their relation to any cannabis vaporizer products, states of sale, or any dates of use in state commerce.

2.42   On August 25, 2015, the NAF Arbitrator in the UDRP Proceeding, Anne M. Wallace, published her final ruling in the UDRP Proceeding, ruling in favor of Mr. Hackney and, by extension, Plaintiff ("UDRP Ruling"). *See* Exhibit A.

**Ironmark Law Group, PLLC**
2311 N. 45th Street, Suite 365
Seattle, Washington 98103
Tel: (206) 547-1914
Fax: (206) 260-3688

2.43     The arbitrator found that JJ 206 failed to meet its burden to establish exclusive rights to JUJU ROYAL as a trademark pursuant to ICANN UDRP Rule 4(a)(i) at the time the UDRP proceeding had commenced, stating that there was "no cogent evidence [JJ 206] has established use of the Juju Royal mark in commerce, media recognition, sales, or in any other way", and that JJ 206 provided nothing "to show the [that] the term JUJU has acquired secondary meaning". *See id.*

2.44     Ms. Wallace also ruled that Mr. Hackney, (and thus Plaintiff), had established *prima facie* evidence of a legitimate interest to the Domain name jujuroyal.com through multiple forms of evidence including that the Nickname was Mr. Marley's "commonly known" name, and Mr. Hackney's use of the Domain was based on Plaintiff's rights to the Nickname as granted by Mr. Marley. *See id.*

**Defendants, Through Counsel, Knowingly Filed a Fraudulent Washington State Trademark Application for JUJU ROYAL**

2.45     On August 25, 2015, the same date of the UDRP Ruling, LayRoots attorney Ms. Ley, on behalf of JJ 206, filed a Washington state trademark application for JUJU ROYAL in Class 034 (Smoking Articles) for "oral smokeless vaporizers for smoking purposes, smokeless oral cannabis vaporizer for smoking purposes" claiming a date of first use of in Washington state commerce as February 1, 2015 ("Washington State Trademark Application").

2.46     On information and belief, the Defendants' allegation in the Washington State Trademark Application that JJ 206 began using the mark in Washington State commerce on February 1, 2015 is false.

2.47     Defendants' alleged date of first use in the Washington State Trademark Application of February 1, 2015, predates JJ 206's initial communication with Plaintiff concerning

Ironmark Law Group, PLLC
2311 N. 45th Street, Suite 365
Seattle, Washington 98103
Tel: (206) 547-1914
Fax: (206) 260-3688

the promotional opportunity discussed in Paragraph 2.13 above.  The February 1, 2015 alleged date of first use also predates the clearance search conducted by Ms. Ley on February 3, 2015, and the Washington State Trademark Reservation for JUJU ROYAL previously filed by Defendants on February 27, 2015.  In other words, Defendants now claimed an actual use date prior to their own trademark clearance search and trademark name reservation.

2.48    The Washington State Trademark Application included a statement requiring the applicant signatory to acknowledge that "Applicant is the owner of and is now using the trademark identified above; I believe no other individual or entity has the right to use such trademark in connection with the same or similar goods or services in this state either in identical form or in such a near manner as might be mistaken therefore." Given the results of the Shopify Complaint and UDRP Proceeding, each of which were decided in Plaintiff's favor, and given the prior communications between the parties outlined above, Defendants' statements to the Washington Secretary or State were false.  Plaintiff established its rights in the JUJU ROYAL name and mark, and prevailed in the Shopify matter and the UDRP Proceeding by the time Defendants filed the Washington State Trademark Application.  Defendants thus knew the above statement in the Washington State Trademark Application was false, and knowing, willfully, and intentionally filed the application with the intent that the Washington Secretary of State rely upon this information in issuing the trademark registration.

2.49    The Washington Secretary of State granted registration to the Washington Trademark Application on September 2, 2015 and issued registration number 58237 ("Washington Trademark Registration").

2.50    On the date of JJ 206's submission of the Washington Trademark Application to the Washington Secretary of State' Office, JJ 206's JUJU ROYAL federal Application had yet to

**Ironmark Law Group, PLLC**
2311 N. 45th Street, Suite 365
Seattle, Washington 98103
Tel: (206) 547-1914
Fax: (206) 260-3688

overcome a merely descriptiveness refusal pursuant to 15 U.S.C. § 1052(e)(1), nor had it been approved for publication by the USPTO 15 U.SC § 1052(a), nor had it been transferred to an actual use application pursuant to 15 U.SC § 1056(a).  JJ 206's federal trademark application for JUJU ROYAL thus was and remains unregistered.

### III. Causes of Action

### Count One – Fraudulent Washington State Trademark Registration (RCW 19.77.130)

3.1     Plaintiff realleges the allegations set forth above.

3.2     On August 25, 2015, LayRoots, on behalf of its client, JJ 206, filed a Washington state trademark application for JUJU ROYAL in Class 034 (Smoking Articles) for "oral smokeless vaporizers for smoking purposes, smokeless oral cannabis vaporizer for smoking purposes."

3.3     On August 25, 2015, LayRoots, on behalf of its client, JJ 206, represented on the Washington State Trademark Application that JJ 206 first began using JUJU ROYAL in Washington State commerce on February 1, 2015.

3.4     On August 25, 2015, LayRoots, on behalf of its client, JJ 206, signed the statement on the Washington State Trademark Application stating that "Applicant is the owner of and is now using the trademark identified above; I believe no other individual or entity has the right to use such trademark in connection with the same or similar goods or services in this state either in identical form or in such a near manner as might be mistaken therefore."

3.5     On this August 25, 2015 Washington State Trademark Application, LayRoots, on behalf of its client, JJ 206, knowingly, willfully, and intentionally made multiple false representations to the Washington Secretary of State including: (a) that JJ 206 began using JUJU ROYAL in Washington State commerce on February 1, 2015; (b) that JJ 206 was currently using JUJU ROYAL in Washington State commerce; and (c) that JJ 206 did not believe any others,

Ironmark Law Group, PLLC
2311 N. 45th Street, Suite 365
Seattle, Washington 98103
Tel: (206) 547-1914
Fax: (206) 260-3688

including Plaintiff, had rights to use the JUJU ROYAL trademark. These statements are knowingly, willfully, and intentionally false, given the prior disputes between the parties including the Shopify Complaint, UDRP arbitration, and Defendants' knowledge of Plaintiff's rights in the JUJU ROYAL name and trademark.

3.6     On August 25, 2015 Defendants were aware that the above statements in the Washington State Trademark Application for the JUJU ROYAL trademark were false.

3.7     On August 25, 2015, Defendants intended that the Washington Secretary of State would rely upon their false statements in the Washington State Trademark Application for JUJU ROYAL.

3.8     The Washington Secretary of State was ignorant of the false nature of the representations made in Defendants' Washington State Trademark Application for JUJU ROYAL because it issued a registration for the trademark JUJU ROYAL to JJ 206 on September 2, 2015.

3.9     The Washington Secretary of State relied upon the Defendants' false statements made in Defendants' Washington State Trademark Application for JUJU ROYAL because the Washington Secretary of State issued a registration for the trademark JUJU ROYAL to JJ 206 on September 2, 2015

3.10    The Washington Secretary of State relied upon the Defendants' false statements made in Defendants' Washington State Trademark Application for JUJU ROYAL in order to issue the registration to JJ 206 for the trademark JUJU ROYAL on September 2, 2015.

3.11    The Washington Secretary of State had a right to rely upon the information provided by Defendants in the August 25, 2015 Washington State Trademark Application for JUJU ROYAL.

**FIRST AMENDED COMPLAINT** - 16

**Ironmark Law Group, PLLC**
2311 N. 45th Street, Suite 365
Seattle, Washington 98103
Tel: (206) 547-1914
Fax: (206) 260-3688

3.12    As a result of the false representations made by Defendants in the August 25, 2015 Washington State Trademark Application for JUJU ROYAL, which resulted in a Washington State Trademark Registration for JUJU ROYAL being issued to Defendant JJ 206, Plaintiff has suffered consequential damages.

3.13    As a result of the false representations made by Defendants in the August 25, 2015 Washington State Trademark Application for JUJU ROYAL, which resulted in a Washington State Trademark Registration for JUJU ROYAL being issued to Defendant JJ 206, Plaintiff and its licensors are unable to register their JUJU ROYAL trademark in Washington State.

3.14    As a result of the false representations made by Defendants in the August 25, 2015 Washington State Trademark Application for JUJU ROYAL, which resulted in a Washington State Trademark Registration for JUJU ROYAL being issued to Defendant JJ 206, Plaintiff is entitled to damages and other relief as set forth in RCW 19.77.130 including consequential damages and attorneys' fees.

3.15    As a result of the false representations made by Defendants in the August 25, 2015 Washington State Trademark Application for JUJU ROYAL, which resulted in a Washington State Trademark Registration for JUJU ROYAL being issued to Defendant JJ 206, this trademark registration is subject to cancellation pursuant RCW 19.77.080(d), and Plaintiff hereby requests that the Court issue an order directing the Washington Secretary of State to cancel the registration.

**Count Two – Washington Consumer Protection Act (RCW 19.86 *et seq.*)**

3.16    Plaintiff realleges the allegations set forth above.

3.17    JJ 206's unauthorized marketing, advertising, promoting, selling and/or otherwise dealing in cannabis-related vaporizer products under the name JUJU ROYAL in Washington State

**Ironmark Law Group, PLLC**
2311 N. 45th Street, Suite 365
Seattle, Washington 98103
Tel: (206) 547-1914
Fax: (206) 260-3688

commerce is a deceptive and unfair method of competition and an unfair and deceptive act or practice in the conduct of trade or commerce pursuant to RCW 19.86.010, *et seq.*

3.18    JJ 206's unauthorized marketing, advertising, promoting, selling and/or otherwise dealing in cannabis-related vaporizer products using the name JUJU ROYAL in Washington State, for goods that are the same or similar to those offered by Plaintiff and/or Plaintiff's licensees, has the capacity to deceive a substantial portion of the public and is capable of being repeated.

3.19    JJ 206's unauthorized marketing, advertising, promoting, selling and/or otherwise dealing in cannabis-related vaporizer products using the name JUJU ROYAL in Washington State has the capacity to deceive a substantial portion of the public as to JJ 206's sponsorship, affiliation, approval, or other relationship with Mr. Marley, and is capable of being repeated.

3.20    JJ 206 uses the JUJU ROYAL name in the course of conducting business, advertising, and offering its goods and services to the general public in Washington State.  Such deceptive acts and practices injure the public interest.

3.21    JJ 206's deceptive and unfair methods of competition occur in trade or commerce and cause injury to Plaintiff's business reputation, including loss of sales, recognition, and goodwill, and is harmful to the value of the Rights and Marks.

3.22    As a result of JJ 206's unfair business practices, Plaintiff has been damaged in an amount to be proven at trial and will be irreparably harmed if such wrongful conduct is allowed to proceed.

3.23    Pursuant to RCW 19.86.090, Plaintiff is entitled to its actual damages, an injunction restraining JJ 206's unfair competition, an award of attorneys' fees, and exemplary damages.

**FIRST AMENDED COMPLAINT** - 18

**Count Three – Violation of Washington Personality Rights Act (RCW § 63.60 *et seq.*)**

3.24    Plaintiff realleges the allegations set forth above.

3.25    Pursuant to RCW 63.60.010 Mr. Marley has a property right in the use of his nickname "Juju Royal" and may freely license this right.

3.26    Upon execution of the Agreement, Plaintiff became an exclusive licensee of Mr. Marley's Nickname for marijuana products and related products and accessories.   The Agreement also granted Plaintiff permission to enforce these rights against all others.

3.27    JJ 206's unauthorized and continued use of Mr. Marley's Nickname to advertise JJ 206's marijuana vaporizer products without Plaintiff's authorization constitutes a violation of Plaintiff's licensed personality rights pursuant to RCW 63.60.050.

3.28    As the direct and proximate result of JJ 206's infringement of Plaintiff's personality rights, JJ 206 is liable to Plaintiff under RCW 63.60.060 for no less than one-thousand five-hundred and no/100 U.S. Dollars ($1,500.00) in statutory damages or Plaintiff's actual damages from said infringement, in an amount to be proven at trial, plus attorneys' fees, expenses and court costs.

3.29    As the direct and proximate result of JJ 206 's actions, Plaintiff has suffered and continues to suffer irreparable harm for which Plaintiff has no adequate remedy at law, and which will continue unless JJ 206 's actions are enjoined.

**Count Four – False Designation of Origin/Federal Unfair Competition (15 U.S.C. § 1125(a))**

3.30    Plaintiff realleges the allegations set forth above.

3.31    As Mr. Marley's licensee, Plaintiff has protectable common law rights in the JUJU ROYAL name and mark for use in association with cannabis products, and associated apparel, posters, packaging, and accessories.

**Ironmark Law Group, PLLC**
2311 N. 45th Street, Suite 365
Seattle, Washington 98103
Tel: (206) 547-1914
Fax: (206) 260-3688

3.32    The JUJU ROYAL name and mark has inherent distinctiveness and creates an immediate association with Mr. Marley in the minds of the consuming public.  The JUJU ROYAL name and mark has acquired additional distinctiveness through use in commerce in Washington State and throughout the U.S. by Plaintiff and Plaintiff's sublicensees.

3.33    Plaintiff's rights derive from Mr. Marley's use of the nickname JUJU ROYAL dating back to 2001, and, as such Plaintiff's rights in the JUJU ROYAL name and mark are superior to JJ 206's alleged rights, if any, in the JUJU ROYAL name and mark.

3.34    JJ 206's use of JUJU ROYAL in Washington and other states, in connection with marijuana vaporizer products is likely to cause confusion, or to cause mistake, or to deceive consumers into believing that some affiliation or connection exists between JJ 206 and Mr. Marley, and thus is likely to cause confusion with the products emanating exclusively from Plaintiff and Plaintiff's licensees.  Accordingly, JJ 206's use of JUJU ROYAL constitutes unfair competition, a false designation or origin, and infringement of the common law rights in the JUJU ROYAL name and trademark in violation of 15 U.S.C. § 1125(a).

3.35    Defendant JJ 206's use of JUJU ROYAL is intentional and willful, as JJ 206 is and has been aware of Plaintiff's prior and superior rights in the Mark.

3.36    Plaintiff will continue to be damaged by JJ 206's intentionally wrongful acts unless the Court enjoins the same.  Plaintiff has no adequate remedy at law for JJ 206's continued willful infringement of Plaintiff's rights.

3.37    JJ 206's intentional infringement of Plaintiff's unregistered name and mark also damages Plaintiff in an amount to be established at trial, including but not limited to actual damages.

**FIRST AMENDED COMPLAINT** - 20

**Ironmark Law Group, PLLC**
2311 N. 45th Street, Suite 365
Seattle, Washington 98103
Tel: (206) 547-1914
Fax: (206) 260-3688

**Count Five - Tortious Interference**

3.38    Plaintiff realleges the allegations set forth above.

3.39    Plaintiff has valid and superior rights in the JUJU ROYAL name deriving from the license of Mr. Marley's Rights and Marks.

3.40    Due to the parties' previous interactions, as alleged above, Defendants had knowledge of Plaintiff's valid and superior rights in the JUJU ROYAL name including Plaintiff's right to commercially exploit this name in relation to cannabis products, and associated apparel, posters, packaging, and accessories.

3.41    Plaintiff lawfully exploited its rights in the JUJU ROYAL name through the Online Store.

3.42    Plaintiff had a valid business expectancy with certain consumers of the Online Store and other retail outlets, and particularly those who have purchased and who intend to purchase Plaintiff's marijuana vaporizer products and apparel from the Online Store.

3.43    Defendants had knowledge of Plaintiff's business expectancy and intentionally interfered with that business expectancy through improper means, including, but not limited to, claiming unsubstantiated trademark rights in the Shopify Complaint, UDRP Proceeding, and in the Washington Trademark Application, causing damage to Plaintiff's business and reputation.

3.44    Defendants' actions in falsely claiming trademark rights in the Shopify Complaint, UDRP Proceeding, and in the Washington Trademark Application, were undertaken for improper purposes, including, but not limited to, interfering with Plaintiff's business, interfering with the business of Plaintiff's licensees, and to improperly interfere with Mr. Marley's personality rights in the JUJU ROYAL name.

**FIRST AMENDED COMPLAINT** - 21

**Ironmark Law Group, PLLC**
2311 N. 45th Street, Suite 365
Seattle, Washington 98103
Tel: (206) 547-1914
Fax: (206) 260-3688

3.45    As a result of Defendants' actions, the Online Store was shut down, Plaintiff was forced to file a DMCA counternotice and to defend a baseless UDRP arbitration proceeding, and seek legal action to cancel Defendants' fraudulently procured Washington Trademark Registration.

3.46    Defendants' actions were committed to cause damage to Plaintiff in an amount to be proven at trial, but in no case less than ten thousand and no/100 U.S. Dollars ($10,000.00), including equitable relief, attorney's fees and costs.

## IV. Reservations

4.1    Plaintiff realleges the allegations set forth above.

4.2    Plaintiff reserves the right to add other defendants, claims and causes of action based upon discovery as it develops in this case.

## V. Jury Demand

5.0    Plaintiff respectfully demands a trial by jury on all claims stated herein.

## VI. Prayer for Relief

Plaintiff prays for the following relief against the Defendant:

A.    Judgment in favor of Plaintiff on all claims for relief;

B.    Judgment against Defendants for all damages sustained by Plaintiff for Defendants' fraudulent registration of the Washington Trademark Registration pursuant to RCW 19.77.130;

C.    Judgment against JJ 206 for all damages, including treble damages, arising from JJ 206's violation of the Washington State Consumer Protection Act pursuant to RCW 19.86.090;

D.    Judgment against JJ 206 for damages arising from JJ 206's violation of Plaintiff's licensed personality rights pursuant to RCW 63.60.060(2);

Ironmark Law Group, PLLC
2311 N. 45th Street, Suite 365
Seattle, Washington 98103
Tel: (206) 547-1914
Fax: (206) 260-3688

E.      An award to Plaintiff of money damages sufficient to compensate Plaintiff for damage to its business, reputation, and property caused by Defendants' tortious interference, in an amount to be proved at trial, but in no case less than ten thousand and no/100 U.S. Dollars ($10,000.00);

F.      An injunction against JJ 206 against any further infringing acts or practices by JJ 206 in violation of RCW 63.60.060(3), RCW 19.86.090, and any other use of the Nickname as identified in this complaint;

G       Cancellation of Washington State Trademark Registration No. 58237 for JUJU ROYAL pursuant to RCW 19.77.080(3)(d).

H.      For attorney's fees, expenses, and Court costs incurred in the prosecution of this action, pursuant to 15 U.S.C. § 1117, RCW § 63.60.060(5), RCW 19.86.090, in the amount to be proven at trial, but no less than Five Thousand and no/100 U.S. Dollars ($5,000.00), if this matter is not contested; and

I.      For such other and further relief as the Court deems just and equitable.

Dated this February 19, 2016.

**Ironmark Law Group, PLLC**


By: /s/ Lucas S. Michels
      Lucas S. Michels, WSBA #45350
      2311 N. 45th Street, Suite 365
      Seattle, Washington 98103
      Tel: (206) 547-1914
      Fax: (206) 260-3688
      E-Mail: lsmichels@ironmarklaw.com
      Attorney for Plaintiff

**FIRST AMENDED COMPLAINT** - 23

By: /s/ Stacie Foster
Stacie Foster, WSBA #23397
2311 N. 45th Street, Suite 365
Seattle, Washington 98103
Tel: (206) 547-1914
Fax: (206) 260-3688
E-Mail: sfoster@ironmarklaw.com
Attorney for Plaintiff

**FIRST AMENDED COMPLAINT** - 24

1
2

## CERTIFICATE OF SERVICE

3   The undersigned certifies under penalty of perjury under the laws of the State of Washington that

4   on the 19th day of February, 2016, the foregoing document was served upon the following via

5   electronic service through the Court's Notice of Electronic Filing:

6
7   Warren J. Rheaume
    Ashley Lauren Watkins
8   1201 3rd Avenue, Suite 2200
    Seattle, Washington 98101-3045
9   Telephone: (206) 757-8265
    Facsimile: (206) 757-7265
10  E-mail: warrenrheaume@dwt.com
    ashleyvulin@dwt.com
11  *Attorneys for Defendant LayRoots, LLC*

12  Joel B. Ard
    Christopher A. Rogers
13  1111 Third Avenue, Suite 3400
    Seattle, Washington 98101-3299
14  Telephone: (206) 447-4689
    Facsimile: (206) 447-9700
15  E-mail: joel.ard@foster.com
    rogec@foster.com
16  *Attorneys for Defendant JJ 206, LLC*
17  *d/b/a JuJu Joints*

18
                                        By: /s/ Lucas S. Michels
19                                      Lucas S. Michels
                                        Ironmark Law Group, PLLC
20                                      2311 N. 45th Street, Suite 365
                                        Seattle, WA 98103
21                                      Tel: (206) 547-1914
                                        Fax: (206) 260-3688
22                                      E-Mail: lsmichels@ironmarklaw.com
23                                      *Attorney for Plaintiff*

24
25

**FIRST AMENDED COMPLAINT** - 25                    **Ironmark Law Group, PLLC**
                                                    2311 N. 45th Street, Suite 365
                                                    Seattle, Washington 98103
                                                    Tel: (206) 547-1914
                                                    Fax: (206) 260-3688

Exhibit A



# DECISION

JJ206, LLC v. Erin Hackney
Claim Number: FA1507001629288

## PARTIES

Complainant is **JJ206, LLC** ("Complainant"), represented by **Shreya Biswas Ley** of **LayRoots, LLC**, Washington, USA.  Respondent is **Erin Hackney** ("Respondent"), represented by **Lucas S. Michels** of **Ironmark Law Group, PLLC**, Washington, USA.

## REGISTRAR AND DISPUTED DOMAIN NAME

The domain name at issue is **<jujuroyal.com>**, registered with **GoDaddy.com, LLC**.

## PANEL

The undersigned certifies that he or she has acted independently and impartially and to the best of his or her knowledge has no known conflict in serving as Panelist in this proceeding.

Anne M. Wallace, QC, as Panelist.

## PROCEDURAL HISTORY

Complainant submitted a Complaint to the FORUM electronically on July 16, 2015; the FORUM received payment on July 16, 2015.

On July 17, 2015, GoDaddy.com, LLC confirmed by e-mail to the FORUM that the **<jujuroyal.com>** domain name is registered with GoDaddy.com, LLC and that Respondent is the current registrant of the name.  GoDaddy.com, LLC has verified that Respondent is bound by the GoDaddy.com, LLC registration agreement and has thereby agreed to resolve domain disputes brought by third parties in accordance with ICANN's Uniform Domain Name Dispute Resolution Policy (the "Policy").

On July 22, 2015, the FORUM served the Complaint and all Annexes, including a Written Notice of the Complaint, setting a deadline of August 11, 2015 by which Respondent could file a Response to the Complaint, via e-mail to all entities and persons listed on

Respondent's registration as technical, administrative, and billing contacts, and to postmaster@jujuroyal.com.  Also on July 22, 2015, the Written Notice of the Complaint, notifying Respondent of the e-mail addresses served and the deadline for a Response, was transmitted to Respondent via post and fax, to all entities and persons listed on Respondent's registration as technical, administrative and billing contacts.

A timely Response was received and determined to be complete on August 11, 2015.

Complainant made additional submissions on August 14, 2015. Respondent made additional submissions on August 21, 2015.

On August 14, 2015, pursuant to Complainant's request to have the dispute decided by a single-member Panel, the FORUM appointed Anne M. Wallace, QC as Panelist.

Having reviewed the communications records, the Administrative Panel (the "Panel") finds that the FORUM has discharged its responsibility under Paragraph 2(a) of the Rules for Uniform Domain Name Dispute Resolution Policy (the "Rules") "to employ reasonably available means calculated to achieve actual notice to Respondent" through submission of Electronic and Written Notices, as defined in Rule 1 and Rule 2.

## RELIEF SOUGHT

Complainant requests that the domain name be transferred from Respondent to Complainant.

## PARTIES' CONTENTIONS

A. Complainant

Complainant submits:

- Complainant is involved in the business of marketing, manufacturing, and distributing oral vaporizers.  Complainant has rights in the JUJU ROYAL mark pursuant to its common law rights in the mark. Complainant holds a pending trademark application with the United States Patent and Trademark Office ("USPTO") (Serial No. 86,532,274, filed Feb. 11, 2015).
- Respondent's **<jujuroyal.com>** infringes on Complainant's Policy ¶ 4(a)(i) rights in the JUJU ROYAL mark as it is confusingly similar through its elimination of spacing in the mark and the addition of the ".com" generic top-level domain ("gTLD").
- Respondent has no rights or legitimate interests with respect to the **<jujuroyal.com>** domain name.  Respondent is not commonly known by the **<jujuroyal.com>** domain name. Instead of utilizing the disputed domain name with any *bona fide* offering of goods or services or for any legitimate noncommercial or fair use, the **<jujuroyal.com>** domain name is being used by Respondent to create a website

which directly competes with Complainant and its business.

- Respondent has registered and used the **<jujuroyal.com>** domain name in bad faith. Respondent intends on disrupting Complainant's business and attracting Internet users to its web site or location in bad faith pursuant to Policy ¶¶ 4(b)(iii) and (iv).  Further, Respondent had actual knowledge of Complainant and its rights in the JUJU ROYAL mark, indicating registration and use in bad faith per Policy ¶ 4(a)(iii).

## B. Respondent
Respondent submits:

- Complainant has not obtained trademark rights under U.S. trademark law and fails Policy ¶ 4(a)(i) as a result. Complainant's marks have yet to be used in commerce to sufficiently establish common law rights as evidenced by its "intent to use" designation of its filing with the USPTO for the JUJU ROYAL mark.
- Respondent registered the **<jujuroyal.com>** domain name on October 13, 2014 in order to pursue its client's legitimate business.  As a result of the domain registration, Respondent has priority rights in the domain name.
- Respondent has a business relationship with Julian Marley who is commonly known as JUJU ROYAL.
- Respondent has not participated in bad faith disruption as Complainant has no rights to the **<jujuroyal.com>** domain name. Respondent has used the name to make a *bona fide* offering of goods and services, and Respondent registered the name prior to the February 2015 correspondence and Complainant's "intent to use" trademark applications.  Further, Respondent's **<jujuroyal.com>** domain consists of descriptive elements and Respondent has priority rights in the mark comprising the name.

## C. Additional Submissions
In its additional submission, Complainant submits:

- The disputed domain name infringes the whole JUJU Joints brand including but not limited to JUJU Royal.
- Complainant has established trademark rights throughout the United States and internationally, through Federal and State trademark applications, through consistent and continuous use through the United States and internationally and through acquiring distinctiveness through marketing, advertising and sales. Complainant had already established said rights before Respondent ever attempted to seek trademark rights or ever registered the disputed domain name or before Respondent began operating its online storefront on April 20, 2015. By April 20, 2015:
  - Complainant had already launched and had significant sales of the JUJU Royal product.
  - Complainant's JUJU Joints brand had already been mentioned in several national and international publications.

- ○ Complainant had already invested in advertising campaigns in Oregon and California and experienced significant product sales throughout the United States and Canada.
  - ○ The Respondent did not yet have a product when he communicated with Complainant on February 15, 2015.
- Respondent's federal trademark had not been granted, is an intent to use application and has been rejected by the USPTO citing Complainant's prior-filed applications, among numerous problems.

In its additional submission, Respondent submits:

- Complainant's additional submission should not be considered because it includes statements and documents that constitute an amendment to the Amended Complaint. Complainant has included new claims of trademark infringement and corrected facts both of which are not permitted by Supp. Rule 7.
- Even if the material is considered, evidence of state trademark registrations does not establish Complainant has exclusive rights in the mark because state trademark reservations do not require any substantive reservation or judgment. The state trademark application examination cannot verify whether a trademark is merely descriptive, has acquired distinctiveness or has been used in state commerce.
- Complainant's additional submission provides no additional evidence to establish bad faith use by Respondent.

## FINDINGS

The Panel finds:

1. Complainant has not established rights in the JUJU ROYAL mark.
2. Even if Complainant did have rights in the mark, Respondent has established rights and legitimate interests in the disputed domain name.
3. In view of the findings on the first two elements, the Panel need not deal with the third element.

## DISCUSSION

Paragraph 15(a) of the Rules instructs this Panel to "decide a complaint on the basis of the statements and documents submitted in accordance with the Policy, these Rules and any rules and principles of law that it deems applicable."

Paragraph 4(a) of the Policy requires that Complainant must prove each of the following three elements to obtain an order that a domain name should be cancelled or transferred:

(1) the domain name registered by Respondent is identical or confusingly similar to a

trademark or service mark in which Complainant has rights; and
(2) Respondent has no rights or legitimate interests in respect of the domain name; and
(3) the domain name has been registered and is being used in bad faith.


**Identical and/or Confusingly Similar**

Complainant asserts it has rights in the JUJU ROYAL mark. Complainant's support for its contention includes several USPTO intent to use trademark applications for JUJU marks including application for the JUJU ROYAL mark filed on February 11, 2015. Compliant, however, has not obtained trademark rights in any of the marks. Complainant also asserts it has common law rights in the JUJU ROYAL mark. In support of this assertion, Complainant asserts it is using JUJU ROYAL for the sale of products and provides a photograph of packages bearing the JUJU ROYAL mark and a spreadsheet with "JJ Joints" at the top of it which purports to be a budget. There is no cogent evidence Complainant has established use of the JUJU ROYAL mark in commerce, media recognition, sales, or in any other way. Complainant's other information shows Complainant's use of the JUJU JOINTS mark and there is nothing before me to show the term JUJU has acquired secondary meaning.

Respondent argues that because Complainant has not obtained trademark rights under U.S. trademark law, Complainant fails to establish Policy ¶ 4(a)(i).  Further, Respondent argues Complainant's marks have yet to be used in commerce to sufficiently garner common law rights as evidenced by its "intent to use" designation of its filing with the USPTO for the JUJU ROYAL mark. While the burden for a complainant to establish Policy ¶ 4(a)(i) rights is relatively low, failure to provide a valid governmental registration in a mark and/or evidence of secondary meaning may lead to dismissal of a complainant's claim.  The Panel finds Complainant has failed to provide sufficient evidence to support its rights in the JUJU ROYAL mark per Policy ¶ 4(a)(i).
*See Wave Indus., Inc. v. Angler Supply*, FA 304784 (Nat. Arb. Forum Sept. 20, 2004) (finding that the complainant's pending trademark applications did not establish rights because "an application for [a] mark is not *per se* sufficient to establish rights [in] a trademark for the purposes of the [Policy]"); *see also Mega Shoes, Inc. v. Ostrick*, FA 1362894 (Nat. Arb. Forum Feb. 1, 2011) (finding the complainant's unsworn assertion that it has been using the MEGA SHOES mark since 1994 failed to establish that complainant had acquired secondary meaning in the MEGA SHOES mark where there was very minimal evidence in the record to support this claim).


**Rights or Legitimate Interests**

If a Panel concludes that Complainant has not satisfied Policy ¶ 4(a)(i), the Panel may decline to analyze the other two elements of the Policy.  *See Creative Curb v. Edgetec Int'l Pty. Ltd.,* FA 116765 (Nat. Arb. Forum Sept. 20, 2002) (finding that because the complainant must prove all three elements under the Policy, the complainant's failure to prove one of the elements makes further inquiry into the remaining element unnecessary); *see also Hugo Daniel Barbaca Bejinha v. Whois Guard Protected,* FA 836538 (Nat. Arb. Forum Dec. 28, 2006) (deciding not to inquire into the respondent's rights or legitimate interests or its registration and use in bad faith where the

complainant could not satisfy the requirements of Policy ¶ 4(a)(i)). In this case, however, I will examine the second element because even if Complainant had been successful in establishing it has rights in the JUJU ROYAL mark, Complainant would in any event fail on the second element.

The Panel finds Complainant has not established a *prima facie* case in support of its arguments that Respondent lacks rights and legitimate interests under Policy ¶ 4(a)(ii).  *See Terminal Supply, Inc. v. HI-LINE ELECTRIC,* FA 746752 (Nat. Arb. Forum Aug. 24, 2006) (holding that the complainant did not satisfactorily meet its burden and as a result found that the respondent had rights and legitimate interests in the domain name under UDRP ¶ 4(a)(ii)); *see also Workshop Way, Inc. v. Harnage,* FA 739879 (Nat. Arb. Forum Aug. 9, 2006) (finding that the respondent overcame the complainant's burden by showing it was making a *bona fide* offering of goods or services at the disputed domain name).

While Complainant asserts Respondent has not established any rights or legitimate interests in the disputed domain name, Respondent has established otherwise. The information Respondent has provided establishes, *prima facie*, that Respondent has an interest in the disputed domain name. Respondent registered the **<jujuroyal.com>** domain name on October 13, 2014 in order to pursue its client's legitimate business. Respondent has shown it has a business relationship with Julian Marley in which it has agreed to promote Marley's products. Respondent produced documents to show Marley is commonly known as "JUJU Royal" and Respondent's interest in promoting Marley's products was known to Complainant at least by February 4, 2015 which is before Complainant filed its trademark application for the JUJU ROYAL mark on February 11, 2015. Respondent filed its trademark application for JUJU ROYAL on March 12, 2015. Respondent has a web site on which is promotes Marley's products using the JUJU ROYAL mark. This Complaint was commenced July 15, 2015.

In these circumstances, Respondent has shown that before notice of the dispute, Respondent had made demonstrable preparations to use the domain name in connection with a bona fide offering of goods or services. Respondent has also shown that Marley who they represent is commonly known by the domain name. Respondent, therefore, has established rights and legitimate interests in the disputed domain name.
*See Telecom Italia S.p.A. v. NetGears LLC*, FA 944807 (Nat. Arb.Forum May 16, 2007) ("As the domain name was registered well before the trademarks and as it was clearly used for a legitimate purpose before the registration of the trademarks and a fortiori, before notification of the dispute, it is clear that Respondent has rights and legitimate interests in the domain name."); *see also Downstream Exch. Co. v. Downstream Energy*, FA 96304 (Nat. Arb. Forum Feb. 2, 2001) (finding that the respondent established rights in the <downstreamexchange.com> domain name pursuant to Policy ¶ 4(c)(i) by obtaining "the domain name in contemplation of creating and operating an Internet auction exchange" and showing demonstrable preparations for such use).  Respondent has been operating its website with the intent to pursue its own legitimate interests irrespective of

Complainant. Therefore, Respondent has established rights under Policy ¶ 4(c)(i).

**Registration and Use in Bad Faith**

In light of the Panel's findings above, there is no need to discuss the third element.

**DECISION**

Having not established all three elements required under the ICANN Policy, the Panel concludes that relief shall be **DENIED**.

Accordingly, it is Ordered that the **<jujuroyal.com>** domain name **REMAIN WITH** Respondent.

Anne M. Wallace, QC., Panelist
Dated:  August 25, 2015

[Click Here](#) to return to the main Domain Decisions Page.

[Click Here](#) to return to our Home Page